STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-508

RAC-CUM-1/27/06

MARTHA BARDAY and
TIMOTHY BARDAY

Plaintiffs

v.

RECEIVED ORDER ON
DEFENDANT'S MOTIONS
FOR PARTIAL SUMMARY
JUDGMENT

ROBERT DONNELLY

Defendant

v.

MEGAN BERRY

Third-Party
Defendant

Before the court are two motions for partial summary judgment made by defendant Robert Donnelly ("Defendant"). Defendant's first motion requests a limitation on plaintiff Martha Barday's ("Ms. Barday") medical expense damages. Plaintiffs have cross-moved for partial summary judgment on this issue. Defendant's second motion requests that his liability for Ms. Barday's damages be separated from any liability for those damages accorded to third-party defendant Megan Berry ("Ms. Berry").[1]

## BACKGROUND

On August 13, 2004, Ms. Barday and her husband, Timothy Barday, (together "Plaintiffs") filed a two-count complaint against Defendant for compensatory damages and loss of consortium arising out of a March 31, 2004

[1] Plaintiffs also make a cross-motion for summary judgment on this motion, requesting that the court grant summary judgment on Defendant's third-party complaint. However, as Plaintiffs fail to brief the merits of this cross-motion, the court will not consider it.

automobile accident involving Ms. Barday, Defendant and Ms. Berry. Plaintiffs settled their claims with Ms. Berry on June 15, 2004, for $100,000. After commencement of the suit against him, Defendant filed a third-party complaint against Ms. Berry seeking contribution and/or indemnity from her in the event he is found liable to either or both of the plaintiffs.

Ms. Barday is insured by MaineCare and by Medicare. Although the final numbers have not yet been determined[2], both parties agree that, in principle, Ms. Barday's medical service providers have billed a certain amount to her insurer(s), and that those insurers have paid some amount substantially less than the amount billed. The parties further agree that the medical service providers will neither receive payment in the full amounts billed, nor will they pursue her personally for the deficiency. Rather, the difference between what is billed and what is paid out becomes a write-off for the medical service providers.

## DISCUSSION

### I. Defendant's Motion to Limit Medical Expense Damages to the Amount Actually Paid by MaineCare

Defendant has asked that evidence as to the amount of damages Ms. Barday is entitled to receive for medical services should be limited to the amount actually paid by her insurers for those services. Essentially, Defendant would like to exclude evidence of the charges billed by Ms. Barday's medical providers.

In deciding whether evidence of the charges billed by Ms. Barday's medical providers should be excluded from the evidence presented to the

---

[2] Defendant's figure for payments made by MaineCare is $68,592.64. Ms. Barday's opposing statement of material facts states that MaineCare was billed $105,305.73, and as of the date of Plaintiff's opposition to Defendant's first motion for partial summary judgment, has paid $72,915.19. It does not appear that Medicare has paid out any sums to cover her treatment.

factfinder, it is useful to start with the definition of "medical expenses" offered by the Maine Jury Instruction Manual and the commentary thereon:

> **§ 7-108 Medical Expenses. Instruction.**
> Medical expenses includes the reasonable value of medical services including; examination and care by doctors and other medical personnel, hospital care and treatment, medicine and other medical supplies shown by the evidence to have been reasonably required and actually used in treatment of the plaintiff, plus a sum to compensate the plaintiff for any medical care, medicines and medical supplies which you find are reasonably certain to be required for future treatment of the plaintiff caused by the defendant's negligence.
>
> COMMENT
> Medical expense damages may be recovered for charges paid by a collateral source or charges actually incurred but later written off or otherwise not collected. Mention to the jury of collateral source payments or writeoffs should be avoided. *See Werner v. Lane*, 393 A.2d 1329, 1333-1337 (Me. 1978). In *Werner* the Law Court extensively discussed the collateral source rule and stated:
>> '[T]he fact [that] necessary medical and nursing services are rendered gratuitously to one who is injured as a result of the negligence of another should not preclude the injured party from recovering the reasonable value of those services as part of ... compensatory damages in an action against the tortfeasor.'
> 393 A.2d at 1335.

Alexander, *Maine Jury Instruction Manual* § 7-108 (4th ed. 2004). As an initial matter, Defendant is aware of the possible difficulty in presenting MaineCare's reimbursement figure, as MaineCare is a collateral source for payment of Ms. Barday's medical expenses, and under the collateral source rule, mention of MaineCare should be avoided so as not to prejudice the factfinder against awarding Ms. Barday medical expense damages. *See Werner*, 393 A.2d at 1336. Defendant argues, however, that mere limitation of the evidence to the amount actually paid out by MaineCare, while avoiding mention of the fact that payments were made by this collateral source, does not implicate the collateral

source rule. Defendant's suggestion for presentation of the evidence would avoid prejudicing the jury in violation of the collateral source rule.

The more fundamental question, after avoiding difficulty with the collateral source rule, is whether Defendant's suggested valuation for medical expenses, i.e. the amount paid by MaineCare, is in fact the "reasonable value" of those expenses. Defendant argues that they are for three reasons. First, the medical service providers accepted the amount paid out by MaineCare as payment in full for their services, and this is an indication that the value paid was the reasonable value of the services. Second, the Restatement (Second) of Torts defines the value of services rendered as "no more than the amount paid... if the injured person paid less than the exchange rate, except when the low rate was intended as a gift to him." § 911(Comment h). Third, other jurisdictions have adopted the amount paid by insurers as the reasonable value of medical expenses. The reasoning in one opinion, advanced by Defendant as a leading opinion on this issue, is that damages are awarded for the purpose of compensating the plaintiff for injury suffered, and that a plaintiff should not be placed in a better position than he would have been had the wrong not been done. *See Hanif v. Housing Authority*, 246 Cal. Rptr. 192, 196-7 (3d Dist. 1988). Further, medical expenses, as economic damages, represent actual pecuniary loss caused by the defendant's wrong, and thus, an award of damages for past medical expenses in excess of what the medical care and services actually cost constitutes over-compensation. *Id.* The court then concluded that medical care and services actually cost what was accepted by the health care providers from the plaintiff's insurer. *Id.*

The Law Court has not further defined the "reasonable value" of medical expenses, nor has the legislature elaborated on its meaning. In its plain state, this phrase signals to the court, as it did to Justice Studstrup in *Williams v. UPS Worldwide Forwarding, Inc.*, that "reasonable value" is ultimately a question of fact for the jury to decide. KENSC-CV-2004-238 (Me. Super. Ct., Ken. Cty., Oct. 11, 2004). The decisions of other jurisdictions cannot here be adopted on the force of logic alone, especially where "reasonable value" remains, in this jurisdiction, unadorned by further definition. Further, it is not clear that these opinions are correct. *Hanif* equates the "cost" of medical services with the amount paid by the insurers. However, it is possible that the amounts paid by MaineCare do not cover the reasonable value of the services provided to Ms. Barday, and that the health care providers recouped the loss out of tax write-offs and other government support, or through third-party donations. Nor does the *Restatement* compel the conclusion that the rate paid by MaineCare is the correct measure of value. The *Restatement* does say that, if the injured person paid less than the exchange rate, he can recover no more than the amount paid, except when the low rate was intended as a gift to him. Restatement (2d) Torts, § 911 (Comment h). However, the payment at issue in this case is not a simple two-party transaction wherein the injured person obtained a bargain for services rendered, but is, rather, a complicated multi-party transaction in which the payment made by MaineCare does not necessarily encompass the value of the services rendered. It is for the factfinder to decide, based on evidence not only of the amount of the payments made, but also based on evidence of the amounts billed by the medical service providers and any other relevant evidence not implicating the collateral source rule, what the "reasonable value" of those medical services is.

## II. Defendant's Motion to Limit His Liability to His Proportionate Share

Defendant requests partial summary judgment from this court declaring that Defendant's liability for Plaintiffs' injuries is limited to his proportionate share of fault.

Should Plaintiff prevail in demonstrating liability, Defendant will have the right to request of the jury through interrogatory the percentage of fault attributable to him. *See* 14 M.R.S.A. § 156. It is also possible that any apportionment of liability will not be decided at trial, but in a separate hearing afterward. It is premature to request a ruling from this court limiting defendant's liability to his proportionate share before Defendant has been found liable or requested an apportionment.[3]

The entry is:

> Defendant's and Plaintiffs' cross-motions for partial summary judgment concerning limitation of evidence of damages related to medical expenses are DENIED. Evidence of both the medical service billing, as well as payments made (except for the identity of the payor) will be admissible for determining the "reasonable value" of those services.

---

[3] In addition to being premature, the request also may not present an actual controversy to the court, as it appears the release executed by Plaintiffs in their settlement with Ms. Berry precludes them from collecting against Defendant that portion of any damages attributable to Ms. Berry's share of responsibility. The release states in relevant part:

> We, Martha V. Barday and Timothy R. Barday, being of lawful age acknowledge receipt of one hundred thousand and no/100, ($100,000.00), in return for which we hereby release Megan Berry and Dairyland Insurance Company from any and all claims for injury and damages as the result of an accident on or about the 31st of March, 2004.

If Plaintiffs collect from Defendant any damages attributable to Ms. Berry, it would generate a claim on Defendant's part for contribution against Ms. Berry. Any contribution claim against Ms. Berry is essentially a "claim for damages as a result of [the] accident." Thus, by implication Plaintiffs' release precludes them from collecting against Defendant sums attributable to Ms. Berry's share of responsibility.

Defendant's motion for partial summary judgment requesting a limitation of his liability is DENIED, as the issue is presented prematurely.

Dated at Portland, Maine this ___27th___ day of ___January___, 2006.

Roland A. Cole
Justice, Superior Court

CHRISTOPHER LEDWICK ESQ
PO BOX 7108
PORTLAND ME 04112

Birry

RICHARD REGAN ESQ
37 COURT STREET
BATH ME 04530

— Barday

FREDERICK MOORE ESQ
511 CONGRESS STREET
PORTLAND ME 04101

— Donnelly

LEE BALS ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101

— Donnelly